IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

vs.                                          CASE NO.: 4:05cr26-SPM

DESMOND JACKSON,

      Defendant.

_____/

## ORDER DENYING SECOND MOTION TO SUPPRESS

Pending before the Court is Defendant Desmond Jackson's Second Motion to Suppress (doc. 19). At issue is whether the warrant authorizing the search of a Dodge Durango truck was supported by probable cause.[1] The parties filed memoranda on their respective positions and presented oral argument. Upon consideration, the Court finds that the motion to suppress should be denied.

---

[1] According to the information presented to the Court, it seems doubtful that Defendant has standing to challenge the search of the truck. A check of the tag displayed on the truck revealed that it was stolen, and Defendant stated to law enforcement that he did not know the registered owner of the truck. Nothing was presented to establish that Defendant had lawful possession of the truck so as to establish a legitimate expectation of privacy. See United States v. Copper, 133 F.3d 1394, 1398-1402 (11th Cir. 1998) (discussing reasonable expectation of privacy in automobile belonging to another); see also United States v. Arce, 633 F.2d 689, 694 (5th Cir. 1980) (The defendant had "no legitimate expectation of privacy in a car registered to someone else when he was not even a passenger in it when arrested."). Since neither party raised the standing issue, however, the Court will proceed to the probable cause issue.

### I. Warrant Affidavit

The warrant affidavit states that earlier in the day, outside a Tallahassee apartment, Defendant flagged down an undercover officer and took delivery of a Federal Express Air Freight package containing three kilograms of powder cocaine. After the delivery, law enforcement spoke to a female named Jade Burrell at the apartment addressed on the package. She advised law enforcement that Defendant had been in the apartment and expected a package to be delivered. Burrell also advised that a set of keys found in the apartment probably belonged to Defendant.

A Dodge Durango truck was parked near Burrell's apartment. Defendant admitted post-Miranda that he was the last to drive the truck and had parked it where it was found. He also admitted that he did not know the registered owner. A check of the tag displayed on the truck showed it was reported stolen. An attempt to contact the registered owner was unsuccessful.

A friend of Defendant advised law enforcement that she saw Defendant driving the truck earlier that day at approximately 6:30 a.m. She added that Defendant told her he was leaving Tallahassee with a cousin to go back to Jacksonville, Florida.

The warrant affidavit concludes with the affiant's opinion that Defendant, if he successfully took delivery of the cocaine, would have driven the truck with the cocaine back to Jacksonville, where the cocaine was ultimately destined. The affidavit also concludes that Defendant, having been in possession of the truck,

may have left certain items of evidentiary nature inside.  These items were listed as "cocaine, letters, telephone and address lists, photos, accounting ledgers and other documents and records pertaining to controlled substance possession and transactions, U.S. currency, and paraphernalia used in controlled substance possession, use, or transactions."

## II.     Discussion

A search warrant may issue only upon probable cause, which is established if the totality of the circumstances indicates "there is a fair probability that contraband or evidence of a crime will be found in a particular place."  United States v. Butler, 102 F.3d 1191, 1198 (11th Cir. 1997).  A defendant moving to suppress evidence obtained though a warrant has the burden of establishing that the warrant is invalid.  United States v. Osborne, 630 F.2d 374, 377 (5th Cir. 1980).

When assessing a warrant for probable cause, the court may consider only the information brought to the attention of the judicial officer issuing the warrant.  United States v. Lockett, 674 F.2d 843, 845 (11th Cir. 1982).  Therefore, in cases where the judicial officer is provided only an affidavit outlining the events that give rise to a finding of probable cause, a court's review is limited to the four corners of the affidavit.  See id.

A reviewing court must read the affidavit in a common sense fashion, and must not interpret it with a grudging or negative attitude or in a hypertechnical manner.  Id.  "[G]reat deference [must be] given to the [judicial officer's] finding

which should be upheld in marginal or doubtful cases." Id. at 845.  "In issuing a search warrant the [judicial officer] must exercise his own judgment as to whether the facts alleged in the affidavit constitute probable cause for issuance of the warrant, he must act on the entire picture disclosed to him, he is entitled to use his common sense, and the courts have gone so far as to say that when this is done his determination is conclusive in the absence of arbitrariness . . . ." United States v. Hyde, 574 F.2d 856, 862 (5th Cir. 1978) (quoting Batista v. Henderson, 487 F.2d 860, 863 (5th Cir. 1973)).

Given the information presented in the warrant affidavit in this case, the judicial officer had a substantial basis for concluding that there was a fair probability that contraband or evidence of a crime would be found in the truck.  In particular, Defendant admitted he had last driven the truck to the package delivery site.  A reasonable inference can be made that Defendant intended to use the truck that day to travel back to Jacksonville after accepting delivery of the cocaine.

The quantity of cocaine (3 kilograms) indicates that the drugs were not for personal use and that additional persons were involved in sending the cocaine and distributing it, giving rise to a likelihood that Defendant would possess records for receipt, delivery, and payment, or other items of evidentiary value. The circumstances support a reasonable conclusion that Defendant was in transit to receive the cocaine in Tallahassee to transport back to Jacksonville, which he used the truck to facilitate.  Furthermore, the fact that Defendant took

delivery of the cocaine at the home of a third party in Tallahassee supports a reasonable inference that Defendant's personal items, including evidence of his drug activities, would be kept in the truck while Defendant was in Tallahassee. Accordingly, there was a fair probability that items of evidentiary value would be found in the truck. The judicial officer did not err in reaching this conclusion.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Defendant's Second Motion to Suppress (doc. 19) is denied.

DONE AND ORDERED this 31st day of August, 2005.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge